UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MACKENZIE RAE MATTOX,<br><br>Plaintiff,<br><br>v.<br><br>DEBT COLLECTORS INTERNATIONAL, et al.,<br><br>Defendant. | CASE NO. 2:24-cv-01334-JHC<br><br>ORDER |

# I

## INTRODUCTION

This matter comes before the Court sua sponte. The Court has examined self-represented Plaintiff Mackenzie Rae Mattox's complaint (Dkt. # 6) and for the reasons discussed below DISMISSES it without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

# II

## BACKGROUND

On August 29, 2024, Mattox sued Defendants Debt Collectors International, Rich Kelley, HF Holdings Inc., Jose De La Rosa, David Cohen, JayHawk Logistics Inc., and Jerry Fay Hawkins (collectively, Defendants). Magistrate Judge S. Kate Vaughan granted Mattox in forma

ORDER - 1

pauperis (IFP) status. Dkt. # 5. A complaint filed by a plaintiff proceeding IFP is subject to a mandatory sua sponte review and the court "shall dismiss the case at any time if the court determines that . . . the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

Mattox seems to allege that JayHawk Logistics owes her money from her time as an employee, and that she is also owed money by the credit bureau defendants. *See* Dkt. # 6 at 17. Mattox alleges the below violations of the Revised Washington Code:

1) "Coercion"

2) "Organized retail theft"

3) "Theft from a vulnerable adult"

4) "Retaliation against whistleblowers"

5) "Financial exploitation, or neglect of a vulnerable adult"

6) "Identity theft"

7) "Terrorism"

8) "Uttering forged bills"

*Id.* at 3, 11. Mattox also claims that the Defendants violated 28 U.S.C. § 1920 (Taxation of costs) and 41 U.S.C. § 7108, formerly cited as 41 U.S.C. § 612 (Payment of claims). *Id.* at 3. Mattox alleges that Defendants Hawkins, Kelley, De La Rosa, and Cohen promised to pay her money and have not "paid her the money amount that they said they would." *Id.* at 5. Mattox alleges that there is a "government monetary judgment" for 19 million dollars that Defendants have not paid. *Id.* at 4. Mattox also states that she now suffers from homelessness because she has not received any of the funds owed to her. *Id.* at 19. Mattox now seeks one hundred and

seventy-one million dollars because she has "not received payment after monetary promises were made." *Id*. at 5.

## III

### DISCUSSION

Federal Rule of Civil Procedure Rule 8 requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Though Rule 8 does not demand detailed factual allegations, it does require "more than an unadorned, the defendant unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Simply stating the elements of a cause of action and then supporting it by mere conclusory statements does not suffice. *See id*. A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. A plausible claim is where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[,]" and is "context specific, requiring the court to draw on its experience and common sense." *Id*. at 664–65. Courts must accept all well-pleaded factual allegations as true and view the fact in the light most favorable to the pleading party, *see Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), but this rule does not apply to legal conclusions. *See Iqbal*, 556 U.S. at 678. Even when liberally construing Plaintiff's claims, the complaint suffers from various deficiencies, which the Court addresses in turn.

As to Mattox's state law causes of action, the complaint provides conclusory statements that fail to provide sufficient facts to state claims that are plausible on their face. *See Ashcroft v. Iqbal*, 556 U.S. at 678. Thus, the Court dismisses these claims without prejudice.

As to Mattox's claim under 28 U.S.C. § 1920, this statute concerns how a "judge or clerk of the court of the United States" can tax costs. This statute addresses a topic unrelated to

ORDER - 3

Mattox's alleged circumstances and Mattox does not explain how this statute relates to the case. Similarly, as to Mattox's claim under 41 U.S.C. § 7108, this statute concerns payment of claims. Under this statute, "[a]ny judgment against the Federal Government on a claim under this chapter shall be paid promptly in accordance with the procedures provided by section 1304 of title 31." *See* 41 U.S.C. § 7108(a). This statute also does not apply to Mattox's alleged circumstances.

## IV

### CONCLUSION

For these reasons, the Court concludes that the complaint does not allege facts sufficient to establish any plausible claims, and thus fails to state a claim under which relief can be granted. Under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court DISMISSES without prejudice Mattox's claims for failure to state a claim with leave to amend within fourteen (14) days of the filing of this order. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (when a court dismisses a self-represented plaintiff's complaint, the court must give the plaintiff leave to amend "[u]nless it is absolutely clear that no amendment can cure the defect" in the complaint). If Mattox's amended complaint fails to correct the noted deficiencies or fails to meet the required pleading standard, the Court will dismiss the matter with prejudice.

Dated this 17th day of September, 2024.

John H. Chun
United States District Judge

ORDER - 4