UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MACKENZIE RAE MATTOX,<br><br>Plaintiff,<br><br>v.<br><br>DEBT COLLECTORS INTERNATIONAL, et al.,<br><br>Defendant. | CASE NO. 2:24-cv-01334-JHC<br><br>ORDER |

Before the Court is Plaintiff Mackenzie Rae Mattox's complaint against Defendants Debt Collectors International, Rich Kelley, HF Holdings Inc., Jose De La Rosa, David Cohen, JayHawk Logistics Inc., and Jerry Fay Hawkins (collectively, Defendants). Dkt. # 6.

Magistrate Judge S. Kate Vaughan granted Mattox's motion to proceed in forma pauperis (IFP). Dkt. # 5. A complaint filed by a plaintiff proceeding IFP is subject to mandatory sua sponte review and a court "shall dismiss the case at any time if the court determines that . . . the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28

ORDER - 1

U.S.C. § 1915(e)(2)(B); see *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

On September 17, 2024, the Court dismissed without prejudice Mattox's claims for failure to state a claim upon which relief can be granted. Dkt. # 7. On September 27, 2024, Mattox filed two documents with the Court. Dkts. ## 8, 9.

Mattox seems to allege that JayHawk Logistics owes her money from her time as an employee, and that she is also owed money by the credit bureau defendants. *See* Dkt. # 6 at 17. In the complaint, Mattox purports to claim the below violations of the Revised Washington Code:

 1) "Coercion"

 2) "Organized retail theft"

 3) "Theft from a vulnerable adult"

 4) "Retaliation against whistleblowers"

 5) "Financial exploitation, or neglect of a vulnerable adult"

 6) "Identity theft"

 7) "Terrorism"

 8) "Uttering forged bills"

*Id*. at 3, 11. Mattox also claims that Defendants violated 28 U.S.C. § 1920 (Taxation of costs) and 41 U.S.C. § 7108, formerly cited as 41 U.S.C. § 612 (Payment of claims). *Id*. at 3.

In the "service order judgment bill" filed by Mattox on September 27, 2024, she seems to allege that Defendants owe her $19,0000,000.00 and that Defendants have abandoned their "monetary obligations" to her as shown by the fact that Defendants have not transferred money into her checking account. Dkt. # 8 at 3. In this document, Mattox says that the "specific federal statutes, federal treaties, and/or provisions of the United States Constitution" at issue are the

ORDER - 2

"Victim's Voice Act," and the Sixth, Seventh, Eleventh, Fourteenth, Fifteenth, and Nineteenth Amendments to the U.S. Constitution. *Id.* at 6–7. Mattox also says that Defendants are "trying to murder" her. *Id.* at 3.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement should give the defendant fair notice of the plaintiff's claims; provide sufficient factual matter and "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 678 (2009). When a petitioner proceeds *pro se*, the Court must "construe the pleadings liberally," but may not "supply essential elements of the claim that were not initially pled." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

On September 17, 2024, the Court dismissed without prejudice Mattox's claims because the "complaint provide[d] conclusory statements that fail[ed] to provide sufficient facts to state claims that are plausible on their face." Dkt. # 7 at 3. The two documents filed by Mattox on September 27, 2024, fail to address these issues. *See generally* Dkts. ## 8, 9. Mattox says that she already "stated claims" in the complaint. Dkt. # 9 at 12. Mattox's complaint fails to state a claim because it only states "an unadorned, the-defendant-unlawfully-harmed-me accusation," but contains no additional allegations about the alleged harm. *See Ashcroft v. Iqbal*, 556 U.S. at 678. Mattox's latest filings also fail to say how any of the cited federal statutes and provisions relate to the case. *See generally* Dkts. ## 8, 9.

For these reasons, the Court concludes that the complaint does not allege facts sufficient to establish any plausible claims, and thus fails to state a claim under which relief can be granted. Under 28 U.S.C. § 1915(e)(2)(B)(ii), the Court DISMISSES this matter without prejudice.

/

/

Dated this 14th day of November, 2024.

John H. Chun
United States District Judge

ORDER - 4